## Meguiar, Yancey & Co., for Use, etc.,v. James L. Rainey.

1. VERDICTS—*On Conflicting Evidence.*—After a careful examination of the whole record in this case, the court is unable to say that the verdict is wrong, and the judgment is therefore affirmed.

2. PROMISSORY NOTES—*Given as Receipts for Money to be Used for the Benefit of the Payee.*—In a suit on two promissory notes, the defendant filed a special plea, averring in substance that the notes represented moneys advanced to the defendant as the agent of the plaintiffs, to be expended in purchasing goods for them, and that the notes were given merely as receipts for these moneys, which were thereafter expended by defendant in purchases in accordance with the terms of the agency. *Held,* that the plea set up a good defense.

Assumpsit, on promissory notes. Appeal from the Circuit Court of Jackson County; the Hon. JOSEPH P. ROBARTS, Judge, presiding. Heard in this court at the February term, 1897. Affirmed. Opinion filed June 10, 1897.

R. J. McELVAIN, attorney for appellant.

HILL & MARTIN, attorneys for appellee.

MR. JUSTICE SCHOFIELD DELIVERED THE OPINION OF THE COURT.

Meguiar, Yancey & Co., for the use of P. Meguiar, sued appellee for the balance alleged to be due on two promissory notes for the principal sums of $1,000 and $500, dated respectively December 31, 1887, and January 14, 1888, and each payable four months after the date thereof. Appellee pleaded *non assumpsit,* want of consideration, payment, and a special plea in which it was averred, in substance, that the notes represented moneys advanced to appellee as the agent of Meguiar, Yancey & Co., to be expended in purchasing tobacco for them, and that the notes were afterward given merely as receipts for these moneys, which were thereafter fully expended by appellee in purchases and shipments of tobacco, in accordance with the terms of the agency.

To the contention of appellants that it was error for the

court to admit evidence of the facts set forth in this special plea, there are many satisfactory answers, among them the fact that the plea was not demurred to, but was traversed by appellants and made the basis of one of the issues in the case, and the further fact that the exceptions are not set forth in the record with sufficient definiteness to authorize the consideration of the question. Besides, we are unable to see why the plea is not a good one, as appellants admitted when they traversed it; and we can not concede that proof of the averments of the plea is a violation of the rule of law prohibiting the contradiction of a written contract by parol evidence.

The principal point made by appellants is that the verdict is manifestly against the weight of the evidence. Appellee testifed to facts which, if true, sustain his special plea as a defense to the action. On the other hand, appellants read in evidence the depositions of four witnesses, who state that appellee bought the tobacco on his own account and that the money represented by the notes was a loan.

When the depositions are carefully examined, however, it appears that not more than two of the four deponents claim to have personal knowledge of the transaction concerning which they testify.

It is claimed, however, by appellants, that the contract was consummated by letter, and that the correspondence between the parties prior to March, 1890, shows that appellee was doing business for himself, and not as appellant's agent, in making the purchases. It is said that these letters were destroyed by the cyclone in March, 1890, and it is not claimed that appellee wrote any such letter after that date. On the other hand, appellee denies that he ever wrote any such letter, or that the contract was consummated by correspondence. In support of appellee's testimony, it is worthy of remark that appellants made no request for the payment of the notes for five years after 1891; that business men would not ordinarily lend money to a stranger, twenty-three years of age, with which to embark in business, especially when the stranger was poor and offered no security;

but that they might advance money to him with which to make purchases for them, knowing that the property, when purchased, would be theirs.

These, and other considerations, doubtless had weight with the jury in their decision of the case. After a careful examination of the whole record, we are unable to say that the verdict is clearly wrong.

Even if the evidence as to what the tobacco was worth was improper, the error was not prejudicial.

There is no error in the instructions.

The judgment is affirmed.